**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**YUMIN LI, and KERING CAPITAL LTD,**<br><br>**Defendants**<br><br>**KERING CAPITAL LTD,**<br><br>**Relief Defendant.** | **Civil Action No: 1:15-cv-05839**<br><br>**Honorable Judge Sara Ellis** |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION**

On July 1, 2015, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") (Doc. 1) against Defendants Yumin Li ("Li") and Kering Capital Ltd. ("Kering Capital") seeking injunctive and other equitable relief for violations of Sections 4b(a)(1)(A) and (C) and 4c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6b(a)(1)(A) and (C) and 6c(a) (2012), and Commission Regulation ("Regulation") 1.38(a), 17 C.F.R. § 1.38(a) (2014). On July 2, 2015, this Court entered an *Ex Parte* Statutory Restraining Order against all Defendants. (Doc. 14). On July 14, 2015 the Court extended the Statutory Restraining Order to July 30, 2015. (Doc. 17).

Defendants Li and Kering Capital, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order for Preliminary Injunction ("Consent Order"),

except as to jurisdiction and venue, which they admit, hereby consent to the entry of this Consent Order. Defendants further state that their consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative thereof to induce their consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS:**

1. This Court has jurisdiction over Defendants and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes this Court to enter a temporary injunction against Defendants.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. Defendants waive the entry of findings of facts and conclusions of law for purposes of this Consent Order pursuant to Federal Rule of Civil Procedure 52(a)(2).

## I. DEFINITIONS

For the purposes of this Consent Order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(a), and includes, but is not limited

to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, metadata, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" also refers to each and every document in Defendants' actual or constructive possession, including but not limited to: (i) all documents within Defendants' custody or under the control of any of Defendants' present or former agents, employers, employees, partners, and (ii) all documents which Defendants have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

6. "Defendants" refers to Yumin Li, Kering Capital Ltd. and all persons insofar as they are acting in the capacity as their agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

7. "Trading Account" refers to a futures trading account held at Advantage Futures, account number XXXX2536, in the name of Kering Capital Ltd.

## II. INJUNCTION

8. Pending further order of the Court, Defendants are restrained and enjoined from: (i) engaging in unauthorized trading or misappropriation in violation of Section 4b(a)(1)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(1)(A), (C) (2012), (ii) entering into transactions that are pre-arranged, fictitious sales, and/or wash sales involving the purchase or sale of commodities for future delivery, in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2012); and (iii) entering into illegal non-competitive transactions to buy and sell futures contracts, in violation of Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2014).

9. Pending further order of the Court, Defendants are restrained and enjoined from:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012);

B. entering into any transactions involving commodity interests (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)), for a personal account or for any account in which either Defendant has a direct or indirect interest;

C. having any commodity interests traded on their behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

E. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and

G. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent, or any other officer or employee of any

person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## III. ASSET FREEZE

10. Pending further Order of this Court, Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Consent Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from, directly or indirectly, transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets in the Trading Account.

11. Pending further Order of this Court, the institution that holds, controls, or maintains custody of the Trading Account and who receives notice of this Consent Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. Prohibit Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset in the Trading Account, except as directed by further order of the Court; provided, however, that any compliance official of any futures commission merchant maintaining the Trading Account shall have the authority and discretion to liquidate or close out any and all open commodity futures contracts or open commodity futures options positions in their accounts in a prompt and orderly fashion; and

B. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or assets, including but not limited to originals or copies of account applications, trading records, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, and 1099 forms; and

C. Cooperate with all reasonable requests of the Commission relating to implementation of this Consent Order.

## IV. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

12. Defendants and all persons or entities who receive notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to Defendants' futures trading or business operations.

## V. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

13. Upon request by the Commission, Defendants must allow representatives of the CFTC to inspect the books, records, and other documents of Defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendants or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

## VI. SERVICE

14. Copies of this Consent Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may be subject to any provision of this Consent Order.

## VII. BOND NOT REQUIRED OF PLAINTIFF

15. Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), no bond need be posted by the CFTC, which is an agency of the United States of America.

## VIII. SERVICE ON THE COMMISSION

16. Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by email to levans@cftc.gov or by delivering a copy to Lindsey Evans, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago IL 60661 and/or by filing such pleadings or other materials electronically with the Court.

## IX. STATUTORY RESTRAINING ORDER SUPERSEDED

17. This Consent Order supersedes the Statutory Restraining Order entered by the Court on July 2, 2015 (Doc. 14) and extended to July 30, 2015 (Doc. 17).

## X. COURT MAINTAINS JURISDICTION

18. This Consent Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

DONE, this 23 day of July, 2015.

Sara L. Ellis

**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

Dated: 7/22/15

Lindsey Evans
Senior Trial Attorney
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
(312) 596-0643
Levans@cftc.gov

Yumin Li

Dated: 7/21/15

Nicolas Morgan
For Yumin Li
Kering Capital

By: ______________________ Dated: ______________________
On behalf of Kering Capital Ltd.

**IT IS SO ORDERED.**

DONE, this 23 day of July, 2015.

Sara L. Ellis

**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

______________________________ Dated: ______________________

Lindsey Evans
Senior Trial Attorney
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
(312) 596-0643
Levans@cftc.gov

Yumin Li

______________________________ Dated: ______________________

Kering Capital

By: Lu yan ping Dated: 2015.07.21

On behalf of Kering Capital Ltd.